NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NICOLE JONES,                              : Civil Action No. 03-5789 (GEB)
                                           :
        Petitioner,                        :
                                           :
   v.                                      : **O P I N I O N**
                                           :
CHARLOTTE BLACKWELL,                       :
                                           :
        Respondent.                        :

**APPEARANCES:**

> NICOLE JONES, #409082
> Edna Mahan Correctional Facility
> P.O. Box 4004
> Clinton, New Jersey 08809
> Petitioner Pro Se
>
> LISA A. PUGLISI, Deputy Attorney General
> PETER C. HARVEY, ATTORNEY GENERAL
> P.O. Box 112
> Trenton, New Jersey 08625
> Attorneys for Respondents

**BROWN, JR., Chief Judge**

   Nicole Jones filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging the loss of good conduct time as a disciplinary sanction. Respondents filed an Answer seeking dismissal of the Petition as procedurally defaulted and on the merits. For the reasons expressed below, the Court dismisses the Petition with prejudice and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges the loss of 90 days of sentence-reducing good conduct time imposed by the New Jersey Department of Corrections as a disciplinary sanction while Petitioner was incarcerated at Edna Mahan Correctional Facility. In November 2002, prison officials charged Petitioner with two disciplinary violations: conduct which disrupts or interferes with the security or orderly running of the correctional facility, and attempting or planning escape. Petitioner pled guilty to the first charge. After conducting a disciplinary hearing, a hearing officer found Petitioner guilty of attempting or planing escape based on her statement to an official that she was going to "walk." The hearing officer sanctioned Petitioner with 15 days in detention, 90 days in administrative segregation, and 90 days loss of good conduct time. Petitioner filed an administrative appeal, and on December 2, 2002, the Department of Corrections rendered a final decision upholding the hearing officer's decision.

On December 5, 2002, officials transferred Petitioner to New Jersey State Prison and confined her in the administrative segregation unit. On December 22, 2002, officials released Petitioner from administrative segregation and transferred her back to Edna Mahan Correctional Facility for women.

On February 28, 2003, Petitioner filed a notice of appeal, motion for leave to proceed nunc pro tunc, motion for appointment of counsel, motion to proceed as an indigent, and supporting certifications in the Superior Court of New Jersey, Appellate Division. Petitioner acknowledged that her notice of appeal was untimely, see N.J. Ct. R. 2:4-1(b), and asked the Appellate Division to excuse the untimeliness. Petitioner stated that she was unable to file a timely notice of appeal because she had been segregation from November 21, 2002, through

December 22, 2002. In an order filed March 19, 2003, the Appellate Division granted Petitioner's motion for leave to proceed as an indigent, denied her motions for assignment of counsel and to file notice of appeal nunc pro tunc, and dismissed the appeal as untimely. The Supreme Court of New Jersey denied certification on July 3, 2003.

On December 2, 2003, Petitioner executed the Petition which is before this Court. The Clerk received it on December 5, 2003. The Petition asserts two grounds, which are set forth below verbatim:

> Ground One: THIS COURT SHOULD ISSUE THE WRIT OF HABEAS CORPUS BECAUSE THE FINDING OF GUILT AND SANCTIONS IMPOSED FOR THE VIOLATION OF N.J.A.C. 10A:4-4.1(A)* 102 WERE NOT SUPPORTED BY SOME CREDIBLE EVIDENCE IN THE RECORD VIOLATING PETITIONER'S RIGHT TO DUE PROCESS UNDER THE 5TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> Ground Two: INMATE JONES HAS A LIBERTY INTEREST CREATED BY NEW JERSEY LAW IN RECEIVING COMMUTATION CREDITS IN WHICH IS PROTECTED BY THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION, AND WHICH WAS VIOLATED IN THIS DISCIPLINARY PROCEEDING.

(Pet., Points One, Two.)

Respondents filed an Answer, with relevant portions of the state court record, seeking dismissal of the Petition as procedurally defaulted and on the merits.

## II. DISCUSSION

A. Procedural Default

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 125 S.Ct. 1528, 1533-34 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Specifically, § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).

A prisoner, such as Petitioner, challenging loss of good conduct time is required to exhaust available state court remedies prior to seeking federal relief. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Brown v. Fauver, 819 F.2d 395, 397-99 (3d Cir. 1987). The exhaustion rule requires a petitioner to fairly present each claim to each level of the state courts. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Duncan v. Henry, 513 U.S. 364 (1995). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn,


172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted).

When a claim has not been fairly presented to the state courts because state procedural rules bar the prisoner from obtaining relief in state court, the exhaustion requirement is satisfied because there is "an absence of available State corrective process." 28 U.S.C. § 2254(b). See McCandless, 172 F.3d at 260. However, as in this case, when a state procedural rule has prevented the state courts from reaching the merits of a petitioner's federal claims, habeas review of those claims is ordinarily barred because the petitioner has procedurally defaulted the claims. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Where one state judgment rejects a petitioner's federal claims on state procedural grounds, "later unexplained orders upholding that judgment or rejecting the same claims rest upon the same ground." Id. at 803.

To excuse the procedural default and allow federal habeas review of the procedurally defaulted claims, the petitioner must show "cause" for the state procedural default and "prejudice" attributable thereto, or demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989); Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999). The "cause" standard requires a petitioner to show that some external objective factor impeded his or her efforts to comply with the state procedural bar. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a pro se prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard. Id. at 485-87. Failure of the state court to "bend the rules" for a pro se litigant is not cause. See Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992).

In this case, because the New Jersey Department of Corrections rendered its final decision on December 2, 2002, the time to file a notice of appeal expired 45 days later on January 16, 2003. The Appellate Division of the Superior Court of New Jersey dismissed Petitioner's appeal of the disciplinary sanction on the ground that the appeal was untimely.[1] The dismissal of Petitioner's appeal as untimely constitutes a state procedural default of her federal claims which bars federal review of those claims in a habeas petition, absent cause and prejudice or a fundamental miscarriage of justice. Caswell v. Ryan, 953 F.2d 853, 860 (3d Cir. 1992).

Petitioner does not argue that she had cause for failing to file a timely notice of appeal, or that failure to grant relief would result in a fundamental miscarriage of justice. The New Jersey courts rejected her contention that her late filing should be excused because she was in segregation from November 21, 2002, through December 22, 2002. This Court finds that Petitioner's confinement in segregation does not satisfy the cause requirement because Petitioner's papers do not explain why she did not file a notice of appeal between the time of her release from segregation on December 22, 2002, and the due date of January 16, 2003. Moreover, Petitioner has not demonstrated that this Court's failure to consider her claims will result in a fundamental miscarriage of justice. See Harris, 489 U.S. at 262; Cabrera, 175 F.3d at 313-314. As Petitioner procedurally defaulted her federal claims and she has not shown cause and prejudice or a fundamental miscarriage of justice, Petitioner's claims are barred. The Court is constrained to dismiss the Petition with prejudice.

---

[1] The New Jersey Supreme Court's denial of certification without explanation did not remove the procedural default. Ylst, 501 U.S. at 801-803.

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice and denies a certificate of appealability.

_____
GARRETT E. BROWN, JR.
Chief Judge

DATED: November 21, 2005